## CIRCUIT COURT OF FAIRFAX COUNTY

Crippen

v.

Brandermill Estates
Joint Venture et al.

March 4, 1992

Case No. (Chancery) 121027

BY JUDGE WILLIAM G. PLUMMER

This matter is before the Court on the demurrer of Defendants Brandermill Estates Joint Venture, Kavanaugh Partners II, Inc., and Amerihomes, Inc. The Court took under advisement the sole issue of whether a court in equity may, incidental to granting rescission of a real estate contract, award monetary damages for improvements that the complainant has made on the property. For the following reasons, the Court finds that in order to award complete, just, and equitable relief to the parties, it may award monetary damages incidental to granting rescission if in equity it is required.

In their briefs, both counsel recognize an equity court's ability to award monetary damages concurrent with a rescission of a contract for the sale of land. Each counsel cited *Newton v. Newton*, 199 Va. 654, 101 S.E.2d 580 (1958), wherein the Supreme Court of Virginia affirmed an allowance of compensation for loss sustained by reason of a rescinded contract. In *Newton*, the defendants had conveyed land to the complainant expecting that he would build cabins on the land and operate them jointly with rental cabins on the defendants' adjacent property. When the complainant refused to operate the cabins jointly as agreed by the parties, the trial court found a failure of consideration for the deed and rescinded the contract. In addition, the court allowed the complainant the costs of his improvements on the land.

The Supreme Court affirmed the allowance of costs for improvements on the land, reasoning that a court of equity ought to grant

such relief as appears to be proper under the particular circumstances of each case. *Id.* at 660. The Court explained, "[T]he aim of equity is to award complete, just and equitable relief, with a view to restoring the parties to the status quo and equitably adjusting their interests under the circumstances of the case. *Id.* Expressing that one seeking to rescind a contract must restore the benefits he has received under that contract, *Id.*, the Court concluded that the complainant was entitled to deduct from the consideration paid to him any financial loss sustained by him, as well as the amount of any financial benefit conferred upon the defendants by reason of the contract.

In light of the *Newton* decision, the Defendants argue that monetary damages are nonetheless inappropriate where the actions of the party seeking such compensation precipitated the problem sought to be remedied. A determination concerning the complainant's conduct and its potential effect on his claim, however, demands factual inquiry. Consequently, the Court may not consider such allegations when judging the merits of the Defendants' demurrer.

Accordingly, the Court overrules the Defendants' demurrer to the extent that it is based on a theory that the Court may not simultaneously grant rescission and award monetary damages to restore the status quo between the parties.